IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BILLIE J. MANCELL,**

    **Plaintiff,**

v.                                                    Case No. 13-cv-0417 JAP/SMV

**JOHN M. McHUGH,**
**Secretary of the Army,**

    **Defendant.**

## FIRST AMENDED INITIAL SCHEDULING ORDER

THIS MATTER is before me sua sponte. On October 16, 2013, the Court granted Defendant's Motion For Stay of Case Proceedings Contingent Upon Federal Government Shutdown [Doc. 11], filed the same day. [Doc. 12]. In doing so, the Court also vacated its Initial Scheduling Order, [Doc. 9], filed on September 13, 2013. Now that the government shutdown has concluded, the Court resets the Initial Scheduling Order Deadlines.

The parties, appearing through counsel or pro se, will "meet and confer" no later than **November 8, 2013**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 150 to 180 days and will run from the Rule 16 initial scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within fourteen days of the meet-and-confer session.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The blanks for suggested/proposed dates are to be filled in by the parties. Actual case management deadlines

will be determined by the Court after consideration of the parties' requests. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **November 15, 2013**.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

A Rule 16 initial scheduling conference will be held by telephone on **December 6, 2013, at 10:30 a.m.** Parties shall call Judge Vidmar's "Meet Me" line at 505-348-2357 to be connected to the proceedings. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2). We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | Nov. 8, 2013 |
| **JSR filed by:** | Nov. 15, 2013 |
| **Initial Disclosures due within fourteen days of the meet-and-confer session, but in no event later than:** | Nov. 22, 2013 |
| **Telephonic Rule 16 Initial Scheduling Conference:** | Dec. 6, 2013, at 10:30 a.m. |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**