IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLIE J. MANCELL,

    Plaintiff,

vs.                                              Civ. No. 13-417 KG/SMV

SECRETARY OF THE ARMY,
JOHN M. McHUGH,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant's Motion to Dismiss and Supporting Memorandum (Motion to Dismiss), filed August 7, 2014. (Doc. 39). Plaintiff filed a response and notice of *errata* on September 8, 2014. (Docs. 45 and 46). Defendant filed a reply on September 24, 2014. (Doc. 48). Having considered the Motion to Dismiss, the accompanying briefs, and the notice of *errata*, the Court denies the Motion to Dismiss and denies Plaintiff's request for an award of costs.

A. Background

       *1. Complaint for Employment Discrimination and Retaliation (Complaint) (Doc. 1)*

       This is a Title VII gender discrimination and retaliation lawsuit brought by a former lead security guard at White Sands Missile Range (WSMR) against Defendant Secretary of the Army, John M. McHugh. Plaintiff alleges that in 2006 she filed an Equal Employment Opportunity (EEO) charge of discrimination at WSMR on the basis of sexual comments and differential treatment. (Doc. 1) at ¶¶ 8 and 9. Plaintiff contends that the charge of discrimination was subsequently mediated and settled. *Id.* at ¶ 9.

Plaintiff also alleges that her position as a security guard required that she complete an annual physical exam which included a mile and a half run. *Id.* at ¶ 12. Plaintiff maintains that in 2010 her supervisor, the same supervisor Plaintiff worked for when she filed the 2006 EEO charge of discrimination, proposed removing Plaintiff from her job because she had not passed her 2009 physical exam. *Id.* at ¶ 13. According to Plaintiff, the proposed removal was suspended because the physical exam regulations were being revised. *Id.*

Plaintiff further contends that in December 2010 she underwent hernia surgery and that her physician released her to full duty in April 2011. *Id.* at ¶ 14-15. Plaintiff alleges that her physician recommended three to four months of additional recovery before attempting a physical exam. *Id.* at ¶ 15. Moreover, according to Plaintiff, the new regulations provided "personnel one year from the date of medical clearance to pass the physical exam." *Id.*

Nonetheless, Plaintiff claims that her supervisor, the same supervisor Plaintiff worked for when she filed the 2006 EEO charge of discrimination, scheduled her for a physical exam in July 2011. *Id.* at ¶ 16. Plaintiff was unable to complete the running portion of the July 2011 physical exam, because the track was allegedly muddy, thereby causing Plaintiff to fall and injure her knee.[1] *Id.* at ¶¶ 19-20. Plaintiff asserts that "the injury was accepted as a work related injury." *Id.* at ¶ 20. Plaintiff alleges that her supervisor then removed her from her job for failure to pass the July 2011 physical exam. *Id.* at ¶ 21. Plaintiff claims that "at least two male security guards … were treated differently in that they failed the physical exams multiple times and were not terminated." *Id.* at ¶ 22.

In Count I of the Complaint, Plaintiff brings a Title VII claim for gender discrimination. Plaintiff maintains that male security guards were treated differently than her with respect to the

---

[1] In addition, Plaintiff alleges that several supervisors attended the running portion of the physical exam, which Plaintiff alleges is unusual. (Doc. 1) at ¶ 18.

physical exams. In Count II of the Complaint, Plaintiff brings a Title VII claim for retaliation. Plaintiff maintains that Defendant terminated her employment in retaliation for her filing and settling the 2006 EEO charge of discrimination.

    *2. Pertinent Facts Found Outside of the Complaint*

The parties do not dispute that Plaintiff was responsible for guarding the Army's Nuclear Fast Burst Reactor (FBR) at WSMR. *See* (Doc. 38-1) at 1, ¶¶ 2 and 4. The Court also takes judicial notice of Army Regulation 50-5, effective September 1, 2000, which applies to FBR guards like Plaintiff.[2] Army Regulation 50-5 specifically pertains to "all active U.S. Army commands, agencies, organizations, and contractors that have nuclear surety related responsibilities." Army Regulation 50-5 (Doc. 39-1) at 2. Army Regulation 50-5 establishes a nuclear Personnel Reliability Program (PRP) which ensures "that each person who performs nuclear duties in support of DOD's nuclear weapons program or at Army nuclear reactor facilities meets the highest possible standard of reliability." *Id.* at 4, § 2-1. In furtherance of the PRP purpose, PRP members are required to possess "physical competence … commensurate with duty requirements." *Id.* at 6, § 2-8(a)(1). "Individuals who do not meet or maintain program standards will not be selected for or retained in the PRP or assigned nuclear duties." *Id.* at 4, § 2-3(b).

B. *The Motion to Dismiss*

Defendant moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that under *Department of Navy v. Egan* the Court lacks subject matter jurisdiction to review Plaintiff's termination from a position involving matters of

---

[2] Plaintiff does not dispute that she was subject to Army Regulation 50-5.

national security.  *See* 484 U.S. 518 (1988).  Defendant also argues that 42 U.S.C. § 2000e-2(g) of Title VII expressly exempts judicial review of employment actions based on national security requirements.  Plaintiff argues, on the other hand, that this Court has subject matter jurisdiction over her claims and that Defendant waived any defense that her claims are not judicially reviewable.  Should the Court deny the Motion to Dismiss, Plaintiff seeks an award of costs for responding to the Motion to Dismiss.

C.  *Standards of Review*

    *1.  Rule 12(b)(1):  Dismissal for Lack of Subject Matter Jurisdiction*

Challenges to the court's jurisdiction under Rule 12(b)(1) generally take two forms: facial attacks on the sufficiency of jurisdictional allegations in a complaint, and factual attacks on the accuracy of those allegations.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  When a party challenges the underlying facts of the alleged subject matter jurisdiction, as in this case, that party may rely on evidence outside of the complaint to support the contention that the court lacks subject matter jurisdiction.  *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002) (quoting *Holt*, 46 F.3d at 1003).  The party asserting subject matter jurisdiction has the burden of proving its existence.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998).

    *2.  Rule 12(b)(6):  Dismissal for Failure to State Claim Upon Which Relief Can be Granted*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of

action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief.  *Id*. at 570.  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Although a court is typically restricted to considering only the complaint in deciding a Rule 12(b)(6) motion, there are some exceptions to this rule.  "Exceptions to this general rule include … 'matters of which a court may take judicial notice.'"  *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).  For instance, courts "can take judicial notice of agency rules and regulations" as well as other matters in the public record.  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on another issue by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

D. Discussion

    *1. The Motion to Dismiss*

Section 2000e-2(g) of Title VII became law prior to the *Egan* decision.  *See Muir v. Applied Integrated Technologies, Inc*., 2013 WL 6200178, at \*7 (D. Md.).  Section 2000e-2(g) provides that:

> [I]t shall not be an unlawful employment practice ... for an employer to discharge any individual for employment in any position ... if—
>
> (1) the occupancy of such position, or access to the premises in or upon which any part of the duties of such position is performed or is to be performed, is subject to any requirement imposed in the interest of the national security of the United States under any

5

security program in effect pursuant to or administered under any statute of the United States or any Executive order of the President; and

(2) such individual has not fulfilled or has ceased to fulfill that requirement.

Section 2000e-2(g) is best described as an affirmative defense for employers. *Moore v. Excelon Generation Co., LLC*, 2012 WL 5304202, at *3 (N.D. Ill.); *EEOC Policy Guidance on the Use of the National Security Exception Contained in § 703(g) of Title VII of the Civil Rights Act of 1964*, as amended, May 1, 1989.

*Egan*, a non-Title VII case, subsequently established that courts do not have subject matter jurisdiction over the merits or substance of the Executive branch's decision to grant, deny, or revoke security clearances. *See Muir*, 2013 WL 6200178, at *7.

The Tenth Circuit summarized *Egan* as follows:

[a]s the Supreme Court explained in *Egan,* security clearance decisions are made pursuant to constitutional authority vested in the Executive Branch.  Allowing an individual access to national secrets involves a "sensitive and inherently discretionary judgment call ... committed by law to the appropriate agency of the Executive Branch." This discretion stems from the President's role as the Commander-in-Chief; executive authority to "classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy" to access secured information "flows primarily from this constitutional investment of power in the President."  Because a determination to grant or revoke a clearance is based on a prediction of an individual's potential to compromise sensitive information, it is "not reasonably possible for an outside nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction with confidence."  Ultimately, therefore, because of both the executive's constitutional supremacy and expertise in this area and outside authorities' lack of competence to evaluate these decisions, neither agencies nor courts have authority to review the merits of the denial of a security clearance absent a clear statutory directive from Congress.

*Hall v. U.S. Dep't of Labor, Admin. Review Bd.*, 476 F.3d 847, 852 (10th Cir. 2007) (citations omitted).  The Tenth Circuit acknowledged that the *Egan* jurisdictional principles apply to Title VII cases.  *Id.* at 853.  The Court will, therefore, analyze whether it has subject matter jurisdiction under *Egan* before analyzing whether the case should be dismissed for failure to state

a claim under Section 2000e-2(g).  *See Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D.Kan.1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990) ("When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.").

*a. Whether the Court Has Subject Matter Jurisdiction Under Egan*

The Court notes that Plaintiff does not allege, specifically, that Defendant unlawfully revoked a security clearance.  Nonetheless, because Plaintiff's position required participation in the PRP, including its physical competence requirement, Plaintiff's allegation that Defendant terminated her from her position for failing to pass the physical exam amounts to an allegation that Defendant terminated Plaintiff on the basis of national security concerns.  That being the case, the Court cannot review Plaintiff's claims if doing so would involve reviewing the merits of a security-based determination.

Here, however, Plaintiff's claims concern the circumstances surrounding the physical exam.  In other words, Plaintiff contests the administration of the physical exam.  Plaintiff does not challenge the content of the physical exam or the merits of requiring a physical exam.  Hence, the Court will not encroach on Defendant's authority to control access to matters of national security if it hears Plaintiff's claims.  Accordingly, the jurisdictional principles articulated in *Egan* do not bar the Court from hearing Plaintiff's claims.  *See Gautney v. Tennessee Valley Auth. Bd. of Directors*, 9 F.Supp.3d 1245, 1251 (N.D. Ala. 2014) (applying *Egan*, court concluded it did not intrude on government agency's discretion to allow access to national security matters when deciding whether defendant violated Title VII in administering

weapons qualification test to nuclear facility guard).  The Court, therefore, determines that Defendant's Rule 12(b)(1) argument is without merit.

>   b. *Whether Plaintiff's Claims are Subject to Rule 12(b)(6) Dismissals Under Section 2000e-2(g)*

Next, the Court examines whether Plaintiff's claims are subject to Rule 12(b)(6) dismissals under Section 2000e-2(g).  Army Regulation 50-5 indicates that Plaintiff meets the first part of Section 2000e-2(g) which requires that Plaintiff had occupied a position which gave her access to a premises "subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any statute of the United States or any Executive order of the President…."  The national security requirement at issue in this case is the ability to pass a physical exam.

To avoid a Rule 12(b)(6) dismissal under Section 2000e-2(g), Plaintiff must allege facts in the Complaint which demonstrate that she does not meet the second part of Section 2000e-2(g) which requires, in this case, that Plaintiff  "has not fulfilled or has ceased to fulfill" the physical exam requirement.  In reading the Complaint as a whole and in the light most favorable to Plaintiff, the Court finds that Plaintiff alleges sufficient facts from which the Court can reasonably infer that if Defendant had properly administered the physical exam she would not have ceased to fulfill the physical exam requirement.  That reasonable inference supports a plausible claim that Section 2000e-2(g) does not provide Defendant with an affirmative defense. *See Gautney*, 9 F.Supp.3d at 1251-52 (Section 2000e-2(g) did not bar lawsuit when nuclear facility security guard complained that "she never 'ceased to fulfill'" the weapons qualification requirement because defendant improperly administered her weapons qualification test).  Because Plaintiff has alleged sufficient facts in the Complaint to show that the second part of

Section 2000e-2(g) is inapplicable, the Court determines that Defendant's Rule 12(b)(6) is without merit as well.

   *2. Plaintiff's Request for an Award of Costs*

Should the Court decide to deny the Motion to Dismiss, Plaintiff seeks an award of costs incurred in responding to the Motion to Dismiss. The Court, however, finds that, under the circumstances, Defendant did not raise frivolous arguments in the Motion to Dismiss and that Plaintiff's request for an award of cost is, thus, unwarranted. Consequently, the Court denies Plaintiff's request for an award of costs.

   IT IS ORDERED that

   1. Defendant's Motion to Dismiss and Supporting Memorandum Opinion and Order (Doc. 39) is denied; and

   2. Plaintiff's request for an award of costs is denied.

_____
UNITED STATES DISTRICT JUDGE